IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY MILES,<br><br>      **Plaintiff,**<br><br>v.<br><br>STATE OF ILLINOIS, PERRY COUNTY, ILLINOIS, PINCKNEYVILLE CORRECTIONAL CENTER, COMMISSARY AT PINCKNEYVILLE, FOOD SERVICES ADMINISTATOR AT PINCKNEYVILLE, IDOC FOOD SERVICES ADMINISTRATOR AT PINCKNEYVILLE, AMERICAN DIETETIC ASSOCIATION AT PINCKNEYVILLE, S. BROWN, C. HALE, DAVID MITCHELL, ADEWALE KUFORIJI, and ROB JEFFREYS,<br><br>      **Defendants.** | Case No. 23-cv-3579-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville").[1] Miles's original Complaint, alleging that officials

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v.*

1

at Pinckneyville "scar[r]ed" his meal trays, was dismissed without prejudice for failure to state a claim (Docs. 1, 9). Miles was granted leave to submit an amended pleading. In his First Amended Complaint (Doc. 15), Miles alleges he was provided with small food portions while at Pinckneyville.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In the First Amended Complaint, Miles makes the following allegations: From approximately November 1, 2021, to April 15, 2023, Miles was housed at Pinckneyville on C grade (Doc. 15, p. 8). Due to his status on C Grade, Miles was unable to purchase his own food from the commissary (*Id.*). Pinckneyville Correctional Center refused to provide Miles with any relief (*Id.*). During the same timeframe, the IDOC Food Services Administrator, the Food Services Administrator at Pinckneyville, and the American Dietetic Association at Pinckneyville provided Miles with "small portion size[s]" (*Id.* at

---

*Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

pp. 8-9). None of the administrators provided Miles with any relief (*Id.*). Miles wrote a grievance about his concerns, but the grievance was denied by counselor S. Brown, grievance officer C. Hale, warden David Mitchell, Administrative Review Board member Adewale Kuforiji, and director Rob Jeffreys (*Id.* at pp. 9-10).

## Discussion

Simply put, Miles once again fails to state a claim. Miles alleges that he received what he believed to be small portion sizes at mealtimes, but he does not describe the portion sizes that he received. Although the denial of food can amount to a constitutional violation, to determine whether Miles's allegations rise to the level of a constitutional violation, the court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See also Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."). Miles alleges that he received smaller portions from November 1, 2021, until April 15, 2023, but he fails to provide any indication as to the amount of food he received for his meals. He does not allege that he was denied meals altogether; he merely alleges that the portion sizes were small. But nothing in the Amended Complaint suggests that his portions were constitutionally inadequate or that he suffered any harm because of the smaller portions. In fact, Miles's attached grievance suggests that Miles received the same portion of food that all inmates at Pinckneyville received. The grievance response states that portion sizes were determined by the master menu and certified to meet nutritional guidelines (Doc. 15, pp. 19-21). Miles simply fails to allege any facts suggesting that his portion sizes amounted to a constitutional violation.

3

Miles further fails to allege any constitutional violation regarding his commissary privileges. Although Miles alleges that he was placed on C Grade and prohibited from purchasing items from the commissary, Miles fails to allege that these actions amount to a constitutional violation. Inmates do not usually have a protected liberty interest in either their placement on C Grade or restrictions on commissary. *See Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997).

For these reasons, Miles again fails to state a claim. This is Miles's second attempt to state a viable claim, and he has been unable to do so. The Court finds that a further amendment would be futile. The First Amended Complaint is, thus, **DISMISSED with prejudice**. Miles's motion for counsel (Doc. 17) is **DENIED as moot**.

## Disposition

For the reasons stated above, Miles's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Miles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133

F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: **March 28, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**